Truxall & Dummeyer *v.* Williams & McCallie.

TRUXALL & DUMMEYER *v.* WILLIAMS & McCALLIE.

LIEN, MECHANIC. *On personal property.* A mechanic employed by an owner of a portable engine, boiler and appurtenances, to take the same down from one place and remove and erect them temporarily upon the land of another, is not entitled to a lien either upon the land or the machinery.

FROM COCKE.

Appeal from the Chancery Court at Newport. H. C. SMITH, Ch.

PHELAN & GOREE for complainants.

W. J. McSWEEN for defendants.

FREEMAN, J., delivered the opinion of the court.

The question presented in this case is as to a mechanic who is employed by the owner of an engine and boiler and appurtenances, to take the same down from one place, where situated, remove them to the land of a third party, and put the machinery up in good order on that third person's land, the mill machinery (a portable one) being put on said land temporarily, in view of the supply of timber, the owners to have one-half of the lumber sawed.

The claim is for a lien on the machinery put up, and not on the land. In fact the only interest or right in the land of defendants is merely the right for the time, by permission of the owner, to occupy his land with the mill and machinery in order to saw his timber into lumber.

The bill was demurred to, demurrer sustained, which is approved by the Referees, to which complainant excepts.

The mechanics' lien is given by section 2783, new Code, 1981, T. & S., "upon any lot of ground or tract of land upon which a house has been built or repaired, or machinery or fixtures furnished or erected," etc., "when done in pursuance of a special contract with the owner or his agent," etc. By section 2745: "The lien shall include the building, fixture or improvement, as well as the lot of land, and continue for one year," etc.

This court has repeatedly held that these provisions are to be liberally construed in favor of the protection of the laborer in his wages, and thereby encourage improvements: *Barnes* v. *Thompson,* 2 Swann, 315; 1 Coldwell R., 541. In the last case it was held that a party who had leased a lot for ten years, and put a house on the same, "was owner" to the extent of his lease, and the term subject to the mechanics' lien.

The section of Code, 2745, above quoted, expressly says the lien shall include the building, *fixture* or improvement, and so it is argued this case is covered by this language. But it is evident this only applies to fixtures referred to in the first section of the act, put on the land by special contract with the owner or his agent. The case from Coldwell's Reports goes entirely on the principle that there must be ownership of some interest in the land, and so the statute seems to require.

But here is no ownership of a term, or any interest in the land whatever, to be subjected to complainant's claim, but only a permission to occupy with portable machinery another's land for the purpose of sawing his timber. The party owning the machinery could remove it at any time he chose. It is not a fixture erected by the owner for the beneficial use of his own land, as contemplated in the first section of the statute. It is only the temporary occupation of a party's land by the personal property of the owner, the property having no permanent connection whatever with his freehold. The only legal

question is, then, whether a mechanics' lien exists on mere personalty, as such, of another, while being temporarily used on a third party's land, by the permission of the land owner. The statute has not given such a lien, and we are not authorized to say it exists.

The decree must be affirmed, and report of Referees approved, with costs.